IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EMEAL HICKS,<br>　　　Petitioner,<br><br>v.<br><br>LORIE DAVIS-DIRECTOR TDCJ-CID,<br>　　　Respondent. | §<br>§<br>§<br>§　　No. 3:19-cv-00733-S (BT)<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　Before the Court is a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Emeal Hicks, a Texas prisoner. For the following reasons, the Court should dismiss the petition under Fed. R. Civ. P. 41(b).

I.

　　Although Petitioner filed an application to proceed *in forma pauperis* (ECF No. 5), his application stated that he has $95.93 in his prison trust fund account. Therefore, the Court found that Petitioner had sufficient assets to pay the $5 filing fee. On April 22, 2019, the Court ordered Petitioner to pay the filing fee within 30 days of the Court's order. *See* Order (ECF No. 6). The Court informed Petitioner that failure to pay the filing fee within 30 days would result in a recommendation that this case be dismissed. *Id.* 2. More than 30 days have passed, and Petitioner has failed to pay the $5 filing fee or otherwise respond to the Court's order.

1

II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). In this case, the Court ordered Petitioner to pay the $5 filing fee, but he has failed to pay the required filing fee or otherwise respond to the Court's order. This litigation cannot proceed until Petitioner complies with the Court's order and pays the filing fee. Accordingly, the petition for a writ of habeas corpus should be dismissed under Fed. R. Civ. P. 41(b).

III.

The petition for a writ of habeas corpus should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

Signed June 11, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).