IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMEAL HICKS, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-00733-S (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Emeal Hicks, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Hicks's petition as barred by limitations.

I.

Hicks was charged in the 282nd Judicial District Court of Dallas County, Texas, with aggravated sexual assault of a child. He pleaded guilty pursuant to a plea agreement, and on September 27, 2012, the court sentenced Hicks to twenty-five years of imprisonment. In his plea agreement, he waived his right to appeal, and he did not file a direct appeal.

On April 8, 2016, Hicks filed a state application for habeas corpus relief. The Texas Court of Criminal Appeals (CCA) denied the application without a written order on July 13, 2016.

On March 18, 2019, Hicks filed his § 2254 petition (ECF No. 3) in this Court.[1] He claims that he received ineffective assistance of counsel when his attorney: (1) failed to show up at the jail until Hicks had been incarcerated five months, stated he could not help him, and merely advised him to take the plea agreement; and (2) failed to conduct proper research and investigation.

Respondent filed an answer arguing that Hicks's petition should be dismissed with prejudice because it is time-barred. In the alternative, Respondent argues the Court should dismiss the petition with prejudice because Hicks's waived his claims when he voluntarily pleaded guilty.

II.

A.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings.

---

[1] A prisoner's *pro se* pleading is deemed filed on the date that it was deposited in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Here, Hicks signed and dated his petition March 18, 2019. Pet. 10 (ECF No. 3). The Court presumes Hicks gave his petition to prison officials on the same date for mailing to the Clerk.

*See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[2] Here, the state court entered judgment in Hicks's case on September 27, 2012. He waived the right to appeal in his plea agreement, and he did not file a direct appeal. Therefore, at the latest, his conviction became final on October 29, 2012, thirty days after the date of his judgment and sentence. *See* Tex. R. App. P. 26.2(a)(1) (including the time

---

[2] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

limits for properly filing a notice of appeal); *see also* Tex. R. App. P. 4.1.³ Hicks then had one year, until October 29, 2013, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). He did not file his petition in this Court until March 18, 2019, more than *five years* after the deadline expired. Hicks's petition is therefore untimely.

Hicks filed a state habeas application, which generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (quoting 28 U.S.C. § 2244(d)(2)). In this case, however, Hicks's filing of a state habeas application did not toll the limitations period. He filed his application on April 8, 2016, over two years after the limitations period had expired, Therefore, his state habeas application did not toll the limitations period. *See Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the

---

³ The 30th day after judgment was entered fell on October 27, 2012, which was a Saturday. As a result, Hicks had until the next business day, Monday, October 29, 2012, to file a notice of appeal. *See* Tex. R. App. P. 4.1(a).

federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott, 227 F.3d at 263*) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period)).

**B.   Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Hicks's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you *must* explain why the one-year statute

5

of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 9 (ECF No. 3) (emphasis added). Hicks did not provide a response. *Id.* Indeed, Hicks fails to make any argument that his petition is subject to equitable tolling. Rather, as noted, when he was asked and given an opportunity to explain why his petition was not barred by the one-year statute of limitations, he failed to make any response. He therefore fails to meet his burden of demonstrating that he is entitled to equitable tolling. *See Phillips,* 216 F.3d at 511. Accordingly, Hicks is not entitled to equitable tolling.

C.  **Actual Innocence**

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[4] *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* Hicks does not argue that he is actually innocent. Likewise, he fails to come forward with new evidence or an argument demonstrating that "no reasonable juror would have convicted him." *Id.* Moreover, even if he alleged actual innocence, he pleaded guilty,

---

[4] *House v. Bell,* 547 U.S. 518 (2006); *Schlup v. Delo,* 513 U.S. 298 (1995).

and thus likely foreclosed the "gateway" to overcome the limitations bar. *See Thomas v. Stephens*, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014); *see also Jackson v. United States*, 2013 WL 5295701 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375 (C.D. Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D. Tex. July 27, 2013). *But see Green v. Williams*, 2013 WL 4458971 (D. Nev. Aug. 16, 2013).

For these reasons, Hicks has failed to demonstrate that actual innocence serves as a gateway through which his time-barred petition can pass. Respondent argues that, in addition to being time-barred, the petition should be dismissed with prejudice because the claims are waived by Hicks's voluntary guilty plea. Because Hicks's petition is time-barred, the Court should pretermit consideration of this additional argument.

### III.

The Court should DISMISS Hicks's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. § 2244(d).

Signed December 6, 2021.

                                                                 REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).